## State *v.* Young.

The conveying away or setting at large cattle impounded, is an essential part of the offence of pound breach.

INDICTMENT, charging that the defendant, at a time and place named, " with force and arms a good, lawful and sufficient pound, erected and maintained by said town of Manchester for restraining and impounding all creatures therein liable to be impounded, did then and there break, open and make pound-breach, and then and there one dark brown cow, and one dark red heifer, then and there being lawfully impounded in said pound, did then and there, without lawful authority, deliver and convey out of said pound, contrary," &c.

The case was tried, and the jury returned a verdict of

guilty, and the defendant moved the court to arrest judgment, and assigned the following causes:

1. Because it does not appear, nor is it averred in said indictment, that the creatures mentioned therein were impounded or restrained in a good and sufficient pound, erected and maintained by said town of Manchester.

2. Because it does not appear, nor is it set forth in said indictment, that the creatures therein mentioned were legally impounded.

3. Because that there are set forth and charged in one and the same court, in the same indictment, two distinct and separate offences.

*Clark,* for the defendant.

*Walker, A. G.,* for the State.

GILCHRIST, J. By an English statute of 2 Wil. & Mary it is enacted, " Upon any pound breach, or rescous of goods and chattels distrained for rent, the person or persons aggrieved thereby shall, in a special action on the case, recover treble damages, &c., against the offender in any such rescous or pound breach, or against the owner of the goods distrained, in case the same be found afterward to have come to his use or possession."

The author of the Commentaries, speaking of goods distrained as being in the custody of the law, remarks that " the taking them back by force is looked upon as an atrocious injury, and denominated a rescous, for which the distrainer has a remedy in damages, either by a writ of rescous, in case they were going to the pound, or by writ *de parco fracto,* or pound breach, in case they were actually impounded." 3 Black. Com. 146.

Pound breach is among the offences cognizable in the sheriff's court, as being common grievances, in direct contempt of the authority of the law by which pounds are

provided for the legal detainment of distresses, &c. 3 Hawk. P. Cr. 144.

The precedents of indictments for pound breach describe the taking or driving away the beast impounded as part of the offence. 2 Chit. Crim. Law 205.

In Gilbert's Law of Distresses it is said, " By the common law, if a man break the pound or the lock of it, or part of it, he greatly offendeth against the peace and doth a trespass to the king, and to the lord of the fee," &c., " in breach of the peace, and to the party and delay of justice; and therefore hue and cry is to be levied against him as against those who break the peace. And the party who distrained may take the goods again, wheresoever he shall find them, and impound them again." Gilb. 75.

And in Co. Lit. 47, b, " if the owner break the pownd and take away his goods, the party distraining may have his action *de parco fracto*," &c.

The inference that must be drawn from these various authorities is, that the driving or conveying away the impounded cattle is a part of the offence of pound breach. That the mere breaking of the pound, in which nothing is impounded, is not recognized as a private injury entitling any one to an action, is a very plain proposition, and requires no argument for its support; and it is not apparent that any difference exists in the terms which should define the civil injury, and those which should define the public offence known by the ancient name of pound breach.

The statute imposes a penalty on " any one who shall make any pound breach, or in any way, directly or indirectly, convey or deliver any creature out of any pound without lawful authority."

The present case does not render it necessary to decide whether two offences are described in these two clauses. Perhaps the offence of conveying and delivering may be committed without pound breach ; as where one finds his

cattle within the inclosure, and the gate not yet closed. Co. Lit., 47 a, note 303.

However that may be, the offence of pound breach is well described in the indictment, which contains the additional allegation of conveying, &c., and the indictment is therefore well.

The other defects pointed out by the defendant do not appear in the indictment.

*Judgment on the verdict.*